# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                  Case No.: 3:25-CR23 (GROH)

**JOSE ALEX CALDERON PAZ**,

    Defendant.

## ORDER DENYING MOTION TO DETAIN

On April 11, 2025, came the United States of America by Kyle R. Kane, Assistant United States Attorney, and came Defendant, JOSE ALEX CALDERON PAZ, in person and by his counsel, Aaron D. Moss, Assistant Federal Public Defender, for a hearing on the United States Motion to Detain [ECF No. 10], in accordance with the Bail Reform Act, Title 18, United States Code, Section 3142(f). The parties presented evidence and witness testimony was taken. The Court took this matter under advisement and requested that the probation office conduct a home assessment of Defendant's proposed residence. Accordingly, on April 17, 2025, the Court reopened the Detention Hearing to allow the parties to hear evidence regarding the home assessment. Probation Officer Disbennett testified.

### A. The Standards

Title 18, United States Code, §§ 3142(g) and 3142(c) provide the specific factors that are to be considered to determine whether there are conditions of release that will

reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2. The weight of the evidence against the person;

3. The history and characteristics of the person, including but not limited to community ties, employment, criminal history, record of court appearance or whether the person was on probation or parole at the time the current offense was committed; and

4. The seriousness of the danger to any person or the community that would be posed by the person's release.

### B. Findings of Fact and Conclusions of Law

On April 15, 2025, an indictment was filed against the Defendant charging him with the following: Count One (1)-False Statement in Application for Firearm.

The Court finds as follows:

1. Although Defendant has an ICE detainer lodged against him, Defendant is not a serious risk of flight by a preponderance of the evidence.

2. The weight of evidence against the defendant is strong and he is subject to a lengthy period of incarceration if convicted. However, the Defendant lacks a significant criminal history and has no history of violence or use of weapons.

3. The Government did not show by clear and convincing evidence that Defendant is a danger to this community.

4. An Order Setting Conditions of Release has been entered that will reasonably ensure the appearance of Defendant and the safety of the community.

## C.  Decision

Based upon the evidence presented and the above findings of fact and conclusions of law, the Government's Motion to Detain [ECF No. 10] is **DENIED** and Defendant is **RELEASED** on the terms and conditions of **the Order Setting Conditions of Release** filed herein.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: 4-17-2025**

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE